ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

April 11, 2014

The Honorable Joseph Deshotel
Chair, Committee on Land and
   Resource Management
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-1050

Re: Whether section 505.152 of the Local Government Code authorizes an economic development corporation to fund certain entertainment projects (RQ-1156-GA)

Dear Representative Deshotel:

You ask whether certain projects would qualify for use as "entertainment" under section 505.152 of the Local Government Code.[1] Chapters 501 to 505 of the Local Government Code authorize municipalities to create entities commonly referred to as economic development corporations. *See* TEX. LOC. GOV'T CODE ANN. §§ 501.001–505.355 (West Supp. 2013). Many provisions in those chapters specify and limit the kinds of projects that a particular development corporation, depending on its authority, may fund. *Id.* § 501.002(13) (defining "project"). You ask about a Type A corporation, which is governed by Chapter 504 of the Local Government Code. *Id.* §§ 504.001–.353. Along with the specific projects authorized by chapter 504, section 504.152 permits an election procedure whereby the voters of a municipality may authorize the use of sales and use tax for projects permitted under chapter 505. *Id.* § 504.152; *see also id.* § 501.002(16). Section 505.152, titled "Projects Related to Recreational or Community Facilities," provides:

> For purposes of this chapter, "project" includes land, buildings, equipment, facilities, and improvements found by the board of directors to be required or suitable for use for professional and amateur sports, including children's sports, athletic, entertainment, tourist, convention and public park purposes and events, including stadiums, ball parks, auditoriums, amphitheaters, concert halls, parks and park facilities, open space improvements, museums, exhibition facilities, and related, store, restaurant, concession, and

[1] *See* Letter from Honorable Joseph Deshotel, Chair, House Comm. on Land & Res. Mgmt., to Honorable Greg Abbott, Tex. Att'y Gen. at 2–3 (Oct. 8, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

automobile parking facilities, related area transportation facilities, and related roads, streets, and water and sewer facilities, and other related improvements that enhance any of the items described by this section.

*Id.* § 505.152. You ask whether specific types of projects would qualify as "entertainment projects" under this provision.[2] Request Letter at 2–3.

You first ask whether "fund[ing] building renovations and equipment upgrades for a local radio station qualifies as an entertainment project under section 505.152." *Id.* at 3. You question whether the statute should be construed to authorize only projects to fund recreational and community facilities "that are open and . . . accessible for public use." *Id.* At the outset, we note that whether a particular project or specific expenditure is authorized under the Act involves fact issues that may not be resolved in the opinion process and that are matters for the board of directors to determine in the first instance. Tex. Att'y Gen. Op. No. GA-0819 (2010) at 3. Thus, we cannot advise whether a specific economic development corporation may fund a particular project; however, we can answer your general questions about the construction of section 505.152.

Section 505.152 authorizes projects "suitable for use for . . . entertainment . . ., including" a list of specific facilities. TEX. LOC. GOV'T ANN. § 505.152 (West Supp. 2013). Under the Code Construction Act, use of the term "including" should not be interpreted as "creat[ing] a presumption that components not expressed are excluded." TEX. GOV'T CODE ANN. § 311.005(13) (West 2013). To be included within a statute's illustrative list, however, an unenumerated object must be like the objects enumerated. *Cnty. of Harris v. Eaton*, 573 S.W.2d 177, 179 (Tex. 1978) (construing a statute that lists specific examples to include others "of the same kind or class as the ones expressly mentioned"). "[W]hen words of a general nature are used in connection with the designation of particular objects . . . or things, the meaning of the general words will be restricted to the particular designation." *Hilco Elec. Co-op., Inc. v. Midlothian Butane Gas Co.*, 111 S.W.3d 75, 81 (Tex. 2003).

While section 505.152 authorizes projects for purposes of "entertainment," a more general term, it narrows that authorization by designating particular types of projects that could be funded, "including stadiums, ball parks, auditoriums, amphitheaters, concert halls, parks and park facilities, open space improvements, museums [and], exhibition facilities." TEX. LOC. GOV'T CODE ANN. § 505.152 (West Supp. 2013). The enumerated projects are each unique, but they share certain characteristics. They are all spaces or facilities that are open and accessible to

---

[2]You ask only about the types of projects authorized under section 505.152 of the Local Government Code, and this opinion is limited accordingly. The authority of a particular development corporation may be further limited by the resolution creating the corporation or ballot language restricting the use of taxes. *See* TEX. LOC. GOV'T CODE ANN. § 504.152(b) (West Supp. 2013).

the public and where members of the community may gather for events or recreation. While the statute may authorize other projects not expressly listed, any unenumerated projects must be like those enumerated. *Eaton*, 573 S.W.2d at 179. With regard to your question, a court could conclude that funding for a private radio station's equipment upgrades and building renovations is not "of the same kind or class" of project as those projects expressly authorized in section 505.152 and that section 505.152 therefore does not authorize an economic development corporation to fund that type of project.[3] We note, however, that the Legislature granted the board of directors of an economic development corporation broad discretion in determining whether a specific project is "required or suitable for use for . . . entertainment," and it is for the board to decide in the first instance.

You also ask whether funding "improvements for a city owned pavilion qualifies as an entertainment project under section 505.152." Request Letter at 3. You describe a specific pavilion at issue that "has been and continues to be used for public community events," like the Southeast Texas Mardi Gras and the Zachary Breaux Jazz Festival, and that city residents may rent for family gatherings, school functions and other privately-held events. *Id.* at 3–4. As you describe it, the pavilion appears to be a community facility that would be open to the public, similar to the recreational or community facilities that are expressly authorized in section 505.152. A court would likely conclude that section 505.152 authorizes the project. This office, however, cannot perform the factual inquiry and review necessary to confirm that an economic development corporation is authorized to fund a particular project.

---

[3]An economic development corporation's authority to grant public funds to a private corporation is limited by article III, section 52 of the Texas Constitution, which precludes political subdivisions from using public funds for private purposes. TEX. CONST. art. III, § 52(a). The Texas Supreme Court has explained that the grant of public funds that benefit a private entity will avoid violating this section if it satisfies a three-part test: (1) the predominant purpose of the expenditure is to accomplish a public purpose, not to benefit private parties; (2) there are adequate public controls in place to ensure that the public purpose is accomplished and to protect the public's investment; and (3) the political subdivision is receiving adequate consideration. *Tex. Mun. League Intergov'tl Risk Pool v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 384 (Tex. 2002). Thus, if an economic development corporation decides to provide funds to a private entity, it must ensure that these requirements are met. *See* Tex. Att'y Gen. Op. No. JC-0362 (2001) at 6 (requiring "a contract or other arrangement sufficient to ensure that the funds are used for the purposes authorized, consistent with the constitutional restrictions on the expenditure of public funds").

## S U M M A R Y

A court could conclude that funding for a private radio station's building renovations and equipment upgrades is not of the same kind or class of project as those projects expressly authorized in section 505.152 of the Local Government Code and that section 505.152 therefore does not authorize an economic development corporation to fund that proposed project. The Legislature granted the board of directors of an economic development corporation broad discretion in determining whether a specific project is "required or suitable for use for . . . entertainment," and it is for the board to decide in the first instance.

A court would likely conclude that funding for a city owned pavilion is of the same kind or class of project as those projects expressly authorized in section 505.152.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee